**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HORIZON VERT PURE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHOUCOUNE, LLC, a Florida limited liability company; JHONSON NAPOLEON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:26-cv-14913<br><br>**PLAINTIFF HORIZON VERT PURE, LLC'S COMPLAINT FOR FEDERAL FALSE ASSOCIATION, MASSACHUSETTS TRADEMARK INFRINGEMENT, MASSACHUSETTS UNFAIR BUSINESS PRACTICES, AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Horizon Vert Pure, LLC, by its attorneys, for its Complaint in this action alleges:

**THE PARTIES**

1. Horizon Vert Pure, LLC ("Plaintiff" or "HVP") is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 112 Keystone Street, West Roxbury, Massachusetts 02132.

2. Defendant Choucoune, LLC ("Choucoune") is a limited liability company organized and existing under the laws of Florida having its principal place of business either at 5960 NW 79 Way, Parkland, Florida 33067 (according to the USPTO's records) or 7700 NW 74 Avenue, Suite A, Medley, Florida 33166 (according to the Florida Secretary of State's records).

3. Defendant Jhonson Napoleon ("Napoleon") is an individual and managing member of Choucoune. According the Choucoune's 2026 Annual Report, Napoleon shares the same business address as Choucoune.

4. Each of the Defendants has participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom. Specifically, each Defendant has knowingly directed, authorized, and/or participated in the infringement described in this Complaint.

5. On information and belief, Napoleon is the alter ego of Choucoune and there exists a unity of interest and ownership such that any separateness between them has ceased to exist, in that Napoleon has completely controlled, dominated, managed, and operated Choucoune since its formation for his own personal benefit.

6. Plaintiff is ignorant of the true names of the other Defendants sued herein as Does 1-10, inclusive, and therefore, sues these Doe Defendants by fictitious names. Additional Doe Defendants are likely to include, among others, individuals associated with Choucoune who are responsible for Choucoune's infringing activities described in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331,

1338(a) and (b), and 28 U.S.C. § 1367, as this action involves substantial claims arising under the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., combined with related and supplemental claims for Massachusetts trademark infringement and unfair business practices.

8. Defendants are subject to personal jurisdiction in this district because Defendants conduct substantial, continuous, and systematic business in this judicial district, and because Plaintiff's causes of action contained herein arise out of or result from Defendants' contacts with this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### Plaintiff's Adoption, Use, and Ownership of the MADAME SARAH Mark

10. In 2015, Maly Sebastien-Paul, a first-generation Haitian immigrant, returned to the Central Plateau, a part of Haiti known for its rich agriculture. But while the area was full of crops, many people faced poverty with limited access to education, healthcare, and clean water. Mr. Sebastien-Paul saw an opportunity to help by buying extra crops from farmers at fair prices and bringing them to the U.S.

11. On March 27, 2015, Mr. Sebsastien-Paul incorporated HVP as a Delaware limited liability company. What began as a mission to support the Haitian communities with an order of 42 cases of rice grew into HVP.

12. Since at least as early as December 2018, Plaintiff HVP has been providing superior quality food products in Massachusetts and throughout the United States and has invested substantial resources into marketing and promoting its goods under the MADAME SARAH mark. These food products include, among other things, rice, beans, dried shrimps, dried mushrooms, cinnamon, chocolate, nuts, cornmeal, and dry and liquid seasonings.

13. In addition to the MADAME SARAH word mark , Plaintiff HVP has also been

using the MADAME SARAH design marks depicted below:

Plaintiff's use of the MADAME SARAH design marks predates any use by Defendants of their infringing MADAN SARA design marks. The MADAME SARAH word mark and the MADAM SARAH design marks are collectively referred to as the "MADAME SARAH Marks." As a result of its continuous use since 2018, HVP owns extensive common law rights in the MADAME SARAH Marks throughout Massachusetts and the United States.

14. The MADAME SARAH Marks are inherently distinctive and have developed widespread brand recognition as a brand of superior quality food products. Consumers and retailers throughout Massachusetts and the United States recognize the MADAME SARAH Marks as a source indicator of Plaintiff's popular, superior quality products.

15. As a result of Plaintiff's superior quality products, extensive advertising and sales, and widespread and continuous use of the MADAME SARAH Marks in Massachusetts and the United States, the marks are extremely strong and have acquired extensive, valuable goodwill, and have become well-known and recognized as identifying Plaintiff's superior quality food products. In this regard, HVP has sold over $13 million MADAME SARAH branded products since 2024.

**Defendants' Adoption and use of the Infringing MADAN SARA Marks**

16. On June 15, 2019, Defendant Choucoune, LLC filed U.S. trademark application Serial No. 88/475,197 for the MADAN SARA standard character trademark for cooking oil in Class 29 and cornmeal, rice, spices, and gram flour in International Class 30. The application was signed by Defendant Jhonson Napoleon as "President/CEO" of Defendant Choucoune, LLC. The application asserts a first use anywhere of January 20, 2020 and a first use in interstate commerce of February 14, 2020. On July 7, 2020, the application registered on the U.S. Patent

and Trademark Office's ("USPTO") Supplemental Register solely for rice in Class 30.

17. On March 3, 2026, Defendant Choucoune, LLC filed U.S. trademark application Serial No. 99/680,095 for the MADAN SARA standard character trademark for rice in International Class 30. The application was signed by Defendant Jhonson Napoleon as "President/CEO" of Defendant Choucoune, LLC. The application asserted a first use date of January 20, 2020. On August 11, 20206, the application was published for opposition. On September 9, 20206, Plaintiff took a 30 day extension of time to oppose the application. On October 10, 2026, Plaintiff filed a Notice of Opposition against the application.

18. On information and belief, Defendants sell their infringing MADAN SARA products solely through Defendant Choucoune's Amazon store. A screenshot of Defendants' Amazon sales page offering rice for sale under the infringing MADAN SARA mark is depicted below:




19. As can be seen in the image above, Defendants also use a design version of the MADAN SARA mark incorporating the image of a woman that is confusingly similar to Plaintiff's MADAME SARAH design marks.

20. Defendants' use of the infringing MADAN SARA Marks infringe Plaintiff HVP's

prior rights in the MADAME SARAH Marks.

21. Defendants' adoption and use of the infringing MADAN SARA Marks creates a likelihood of confusion among consumers. Plaintiff's MADAME SARAH Marks are inherently distinctive and strong marks. Defendants are using the infringing MADAN SARA Marks in connection with identical goods. Defendants' infringing MADAN SARA Marks are confusingly similar to Plaintiff's MADAME SARAH Marks. And, on information and belief, Defendants adopted the infringing MADAN SARA Marks with an intent to trade off the goodwill of Plaintiff's MADAME SARAH Marks.

22. In fact, Defendants' infringing use has already resulted in instances of actual confusion, such as customers contacting Plaintiff regarding Defendants' products.

23. All named Defendants have knowingly directed, authorized, and/or participated in the infringing use of the MADAN SARA Marks. By virtue of such actions, each Defendant is liable for trademark infringement separate and apart from any liability based on alter ego or piercing the corporate veil.

## FIRST CLAIM FOR RELIEF
## FALSE ASSOCIATION (ALSO KNOWN AS FALSE DESIGNATION OF ORIGIN) UNDER § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

24. Paragraphs 1-23, above, are realleged and incorporated by reference as if set forth in full.

25. Plaintiff owns common law trademark rights in the MADAME SARAH Marks in connection with rice, beans, dried shrimps, dried mushrooms, cinnamon, chocolate, nuts, cornmeal, dry and liquid seasonings, and related food items.

26. Plaintiff's common law trademark rights in the MADAME SARAH Marks predate any trademark rights by Defendants in the infringing MADAN SARA Marks.

27. Defendants use the infringing MADAN SARA Marks in interstate commerce in connection with identical goods, namely, rice. Defendants' use is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection,

or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' good by Plaintiff. In addition, Defendants' infringement is likely to cause, *inter alia*, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion. Indeed, instances of actual confusion have already occurred.

28. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**
**UNDER MASSACHUSETTS COMMON LAW**

29. Paragraphs 1-28, above, are realleged and incorporated by reference as if set forth in full.

30. Plaintiff owns common law trademark rights in the MADAME SARAH Marks in connection with rice, beans, dried shrimps, dried mushrooms, cinnamon, chocolate, nuts, cornmeal, dry and liquid seasonings, and related food items.

31. Plaintiff's common law trademark rights in the MADAME SARAH Marks predate any trademark rights by Defendants in the infringing MADAN SARA Marks.

32. Defendants use the infringing MADAN SARA Marks in interstate commerce in connection with identical goods, namely, rice. Defendants' use is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' good by Plaintiff. In addition, Defendants' infringement is likely to cause, *inter alia*, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion. Indeed, instances of actual confusion have already occurred.

33. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

**THIRD CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES**
**UNDER MASSACHUSETTS GENERAL LAWS CH. 93A**

34. Paragraphs 1–33, above, are realleged and incorporated by reference as if set forth in full.

35. Defendants are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

36. Defendants' unauthorized use of the MADAN SARA Marks, which are confusingly similar to Plaintiff's MADAME SARAH Marks, constitutes an unfair method of competition and unfair or deceptive act or practice in violation of Mass. Gen. Laws Ch. 93A, §§ 2 and 11.

37. Defendants' acts of unfair competition and unfair or deceptive practices in violation of Mass. Gen. Laws. Ch. 93A, §§ 2 and 11, occurred within the Commonwealth of Massachusetts.

38. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

**FOURTH CLAIM FOR RELIEF**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6,098,080**
**PURSUANT TO 15 U.S.C. § 1064**

39. Paragraphs 1–38, above, are realleged and incorporated by reference as if set forth in full.

40. Plaintiff owns common law trademark rights in the MADAME SARAH Marks

that are superior and prior to any rights that Defendant can claim in the MADAN SARA mark. Defendant's registration and use of the MADAN SARA mark in U.S. Registration No. 6,098,080 creates a likelihood of confusion with Plaintiff's prior rights in the MADAME SARAH Marks.

41. As such, Plaintiff is being damaged and will continue being damaged by the continued registration on the Principal Register of U.S. Registration No. 6,098,080 and, therefore, seeks cancellation of the registration.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and relief as follows:

(i) that pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from using the MADAN SARA Marks, as well as any marks confusingly similar to Plaintiff's MADAME SARAH Marks;

(ii) that pursuant to 15 U.S.C. § 1118, the Court order Defendants to remove and/or deliver up for destruction all advertisements, packaging, labels, materials, websites, apps, social media accounts, and other articles bearing the MADAN SARA Marks, as well as any marks confusingly similar to Plaintiff's MADAME SARAH Marks;

(iii) that pursuant to 15 U.S.C. § 1117(a), Plaintiff recover Defendants' profits and such sums in addition thereto as the Court shall find just;

(iv) that pursuant to 15 U.S.C. § 1117(a), Plaintiff recover the damages sustained and such sums in addition thereto as the Court shall find just;

(v) that pursuant to 15 U.S.C. § 1117(a), Plaintiff recover the costs of this action, including reasonable attorneys' fees and interest;

(vi) that the Court order that U.S. Trademark Registration No. 6,098,080 be cancelled;

(vii) that pursuant to Massachusetts law, Plaintiff be awarded treble damages and restitution;

(viii) that Plaintiff recover prejudgment and post-judgment interest according to law; and

(ix) that Plaintiff be awarded its costs and attorneys' fees as allowable by law; and such other and further relief that this Court may deem just and equitable.

Dated: October 30, 2026

Respectfully submitted,

By */s/ Avrahim S.Z. Cohn*

Cohn Legal, PLLC
Avrahim S.Z. Cohn
Attorneys for Plaintiff
Horizon Vert Pure, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Horizon Vert Pure, LLC hereby demands a jury trial pursuant to FRCP 38 as to all issues triable.

Dated: October 30, 2026

Respectfully submitted,

By /s/ *Avrahim S.Z. Cohn*
Cohn Legal, PLLC
Avrahim S.Z. Cohn
Attorneys for Plaintiff
Horizon Vert Pure, LLC